IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EPHRIAM LAFATE SMITH, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-904-N-BK |
| | § | |
| USAA INSURANCE AGENCY, | § | |
| INC., OF TEXAS, | § | |
|     DEFENDANT. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action, filed by a *pro se* Plaintiff, has been referred to the United States magistrate judge for pretrial management. For the reasons that follow, Plaintiff's case should be **DISMISSED WITHOUT PREJUDICE**, *sua sponte*, for lack of subject matter jurisdiction, and *Defendant's Motion to Dismiss*, Doc. 10, should be **TERMINATED AS MOOT**.

### I. BACKGROUND

This action stems from activities related to an auto loan Plaintiff obtained from USAA Federal Savings Bank ("USAA FSB").[1] Doc. 3 at 17 (Loan Payoff Quote); Doc. 3 at 23 (Letter from USAA FSB to Plaintiff). Notably, Defendant, USAA Insurance Agency, Inc., of Texas, is not the same entity as USAA FSB. Doc. 10 at 2. In any event, Plaintiff's case still fails as explained *infra*.

---

[1] Although the loan was jointly obtained by Plaintiff and Donnett Smith, Doc. 3 at 17; Doc. 3 at 23; Doc. 10 at 2, Smith is neither a party to this action nor referenced in the Complaint.

Plaintiff's sole cause of action is negligence, centering on his belief that he paid his auto loan in full, despite notification from USAA FSB that Plaintiff's loan payment was returned by his financial institution and a request for immediate remittance of the payment. Doc. 3 at 17 (Letter from USAA FSB to Plaintiff); Doc. 3 at 27 (Letter of Notification and Request for Remittance). Following this communication, Plaintiff sent a flurry of documents to Defendant purporting to resolve the auto loan matter in his favor, including two "Notices of Fault" that cited Defendant's alleged failure "to accept or perform correctly after receiving" Plaintiff's electronic funds transfer instrument. Doc. 3 at 28; Doc. 3 at 30. Subsequently, Plaintiff sent Defendant a "Notice of Default in Dishonor and Consent to Judgment," in which he contends Defendant acquiesced, thereby absolving Plaintiff of any debt owed on the auto loan with USAA FSB. Doc. 3 at 10-12. The Complaint alleges Defendant's "aforementioned negligent acts or omissions whether taken singularly, or in any combination, constitute negligence . . . [which were] a proximate cause of the Default and [Plaintiff's] damages." Doc. 3 at 5.

## II. PROCEDURAL HISTORY

Defendant filed its motion to dismiss under Rule 12(b)(6) on June 29, 2021. Doc. 10. Plaintiff failed to timely respond to that motion as required by the Court's local rules. *See* Local Civil Rule 7.1(e) (establishing a 21-day window for responding to an opposed motion). On October 1, 2021, the Court ordered Plaintiff to respond to Defendant's motion by October 22, 2021, if he opposed the relief sought. Doc. 15. As of the date of this recommendation, however,

Plaintiff has neither responded to Defendant's motion nor sought an extension of time to do so.[2]

## III. ANALYSIS

### 1. Subject Matter Jurisdiction

Although Defendant predicates its argument for dismissal under Rule 12(b)(6) on Plaintiff's failure to state a non-frivolous claim, the Court must always examine first and *sua sponte*, if necessary, the threshold question of whether subject matter jurisdiction is present. *System Pipe & Supply, Inc. V. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331; or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, 28 U.S.C. § 1332.

> Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

---

[2] Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)). Here, Plaintiff has had ample opportunity to respond to Defendant's motion. He has impliedly refused or declined to do so, despite being ordered to. For this reason alone, Plaintiff's claims are subject to dismissal without prejudice.

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Additionally, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980)).

Here, even under the most liberal construction, Plaintiff's pleadings offer no basis for the Court's exercise of subject matter jurisdiction.[3] As to federal question jurisdiction, the only claim Plaintiff alleges is the state-law tort of negligence. *See* Doc. 3 at 1-9. Nor can Plaintiff establish diversity jurisdiction. Plaintiff avers he is a citizen of Texas. Doc. 3 at 1. And while stating Defendant can be served through an unidentified registered agent in Florida, Plaintiff lists a Texas address for Defendant. Doc. 3 at 2; 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of both the state of its incorporation and the state of its principal place of business). Even assuming, *arguendo*, that complete diversity of citizenship exists between the parties, Plaintiff's estimate of damages of "over $50,000 but not more than $1,000,000," Doc. 3 at 6, appears arbitrary; it is thus insufficient to satisfy the requisite jurisdictional amount in controversy. *See Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *see also Harris v. Illinois Cent. R. Co.*, 220 F.2d 734, 736 (5th Cir. 1995) (requiring that damages for federal jurisdictional purposes be estimated in good faith). Indeed, on the face of the Complaint, it "appear[s] to a legal certainty" that Plaintiff's actual damages are far less than the $75,000 threshold amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); Doc. 3 at 17 (attachment to Complaint showing the balance at-issue under the auto loan is $21,042.69).

---

[3] Pleadings filed by *pro se* litigants are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Therefore, because the Complaint does not present a sufficient basis for federal question or diversity jurisdiction, it should be dismissed *sua sponte* for lack of subject matter jurisdiction.

## 2. Defendant's Motion to Dismiss

Even assuming jurisdiction existed, Plaintiff's Complaint is subject to dismissal for failure to state a claim, as Defendant alleges in its motion to dismiss. Doc. 10 at 1, 6-7. A plaintiff fails to state a claim under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Id.* at 572. However, the factual content pled in a complaint must afford the complaint facial plausibility—it must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations" to be entitled to the assumption of truth. *Id.* at 679.

Relatedly, Rule 8 requires a plaintiff to present "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(A)(2). Although *pro se* plaintiffs are entitled to liberal construction of their pleadings, they must still comply with the Federal Rules of Civil Procedure, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *S. Christian Leadership Conf. v. Sup. Ct. of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (quotation omitted).

Defendant argues Plaintiff's "negligence claim fails because Plaintiff has not alleged any facts demonstrating the existence of a legal duty, a breach of that duty, and damages proximately caused by that breach, each of which are required to state a negligence claim." Doc. 10 at 8.

Further, "Plaintiff does not allege that he obtained an auto loan from Defendant or otherwise has any account with Defendant" and "Plaintiff has no relationship with Defendant for which any legal duty exists." Doc. 10 at 8. Even under the liberal construction, Plaintiff's allegations are at best vague, conclusory, and lacking in factual support. Upon review of the Complaint, the Court does not ascertain a cognizable legal claim for negligence, as there is no allegation of duty or causation and, instead, only the conclusory and largely nonsensical assertions that Defendant was negligent, and damages are thus owed. Plaintiff's claim reads *in toto*:

> Defendant[] was negligent in failing to honor the Presentment and Fault of Notice places the Defendant[] in default. For the course of dealing, set forth herein, with the Defendant's failure, refusal, or neglect in presentment of verified response the Presentment and Fault Notice, constitutes the Defendant's failure to perform in good faith and the Defendant's acquiescence and tacit agreement with all terms, conditions and stipulations set forth within this Notice of Default in Dishonor (Consent to Judgment), the Presentment, and the Fault Notice. Therefore, this matter is deemed res judicata and stare decisis.
>
> Of this presentment take due **Notice**, heed and govern yourself accordingly. This **FINAL EXPRESSION IN A RECORD** is intended as a complete and exclusive statement of the terms of the agreement between parties.
>
> Each of the aforementioned negligent acts or omissions whether taken singularly, or in any combination, constitute negligence. Defendant's negligence was a proximate cause of the Default and [Plaintiff's] damages.

Doc. 3 at 5 (emphasis in original).

In sum, it is clear that while Plaintiff attempts to assert a claim for negligence, he entirely fails to support one in his Complaint.

## IV. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Under the multiple, alternative bases warranting dismissal

outlined *supra*, Plaintiff's case is fatally infirm and not subject to cure by amendment. Plaintiff's Complaint, attachments, and cover sheet clearly demonstrate a lack of subject matter jurisdiction in this Court. Moreover, the scant facts asserted in the Complaint fail to support any legal cause of action. Finally, Plaintiff has all but abandoned this case. Under these circumstances, granting leave to amend would be futile and cause needless delay.

## V. CONCLUSION

For the aforementioned reasons, this case should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, and *Defendant's Motion to Dismiss*, Doc. 10, should be **TERMINATED AS MOOT**.

**SO RECOMMENDED** on March 10, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).